**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4495**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SCOTT EERTMOED, a/k/a John Bradford,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Senior District Judge. (3:15-cr-00035-JRS-1)

Submitted: March 25, 2016          Decided: June 24, 2016

Before GREGORY, DIAZ, and THACKER, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

Geremy C. Kamens, Acting Federal Public Defender, Frances H. Pratt, Elizabeth W. Hanes, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Jessica D. Aber, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Eertmoed appeals his sentence of 151 months in prison after pleading guilty to distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) (2012). On appeal, he contends that his sentence is procedurally unreasonable because the district court failed to adequately explain the chosen sentence. He also asks us to remand for correction of clerical error in the record. We affirm Eertmoed's sentence but remand for correction of clerical error under Fed. R. Crim. P. 36.

We review the reasonableness of a sentence for abuse of discretion. United States v. Lymas, 781 F.3d 106, 111 (4th Cir. 2015) (citing Gall v. United States, 552 U.S. 38, 41 (2007)). First, we consider whether the district court committed a significant procedural error, such as failing to consider the 18 U.S.C. § 3553(a) (2012) factors or failing to adequately explain the chosen sentence. Gall, 552 U.S. at 51.

If the sentence is procedurally reasonable, we consider whether it is substantively reasonable, taking into account the totality of the circumstances. Id. On appeal, we presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012); see also United States v. Strieper, 666 F.3d 288, 295-96 (4th Cir. 2012) (rejecting argument that presumption should not apply to child pornography

2

sentences).  The presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors.  United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014).

In sentencing, the district court must first correctly calculate the defendant's sentencing range under the Sentencing Guidelines.  United States v. Allmendinger, 706 F.3d 330, 340 (4th Cir. 2013).  The court is next required to give the parties an opportunity to argue for what they believe is an appropriate sentence, and the court must consider those arguments in light of the factors set forth in 18 U.S.C. § 3553(a).  Id.

When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case.  United States v. Carter, 564 F.3d 325, 328, 330 (4th Cir. 2009).  While the sentencing court must state in open court the particular reasons that support its chosen sentence, the court's explanation need not be exhaustive.  United States v. Avila, 770 F.3d 1100, 1107-08 (4th Cir. 2014); see also United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006) (court need not explicitly reference § 3553(a) or discuss every factor on the record).  The court's explanation must be sufficient "to satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for

3

exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007).

"Although every sentence requires an adequate explanation, a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (citations and internal quotation marks omitted). "When imposing a sentence within the Guidelines, however, the explanation need not be elaborate or lengthy." Id. (citations and internal quotation marks omitted).

Where the defendant properly preserved the issue of whether the explanation was adequate, we review the issue for abuse of discretion. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). If we find abuse, we must reverse unless we conclude that the error was harmless. Id. The Government must show "that the error did not have a substantial and injurious effect or influence on the result and we can say with fair assurance that the district court's explicit consideration of the defendant's arguments would not have affected the sentence imposed." United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (alterations and internal quotation marks omitted).

We have reviewed the record and conclude that Eertmoed's sentence is procedurally and substantively reasonable. The

4

probation officer found that Eertmoed's Guidelines sentence was the statutory maximum 240 months in prison. Eertmoed objected to the application of a five-level enhancement for a pattern of activity involving the sexual abuse of a minor pursuant to U.S. Sentencing Guidelines Manual § 2G2.2(b)(5) (2014). The district court removed the enhancement and found that Eertmoed's Guidelines range was 151 to 188 months in prison. The Government argued that a sentence at the high end of the range — 188 months — was appropriate in this case. Eertmoed argued for a sentence of 96 months.

Among other things, Eertmoed argued that the child pornography Guidelines were not based on empirical data and thus were not entitled to deference. However, we have "instructed courts to give respectful attention to Congress'[s] view that [child pornography crimes] are serious offenses deserving serious sanctions." United States v. Strieper, 666 F.3d 288, 295-96 (4th Cir. 2012) (citations and internal quotation marks omitted). Eertmoed also argued that a sentence within the Guidelines range would create sentencing disparities. The Government argued that the seriousness of the offense warranted a sentence at the high end of the range. Among other things, the Government noted that Eertmoed's child pornography collection was extensive, with over 4000 still images and 300

videos, and he had been charged with contact offenses on a pre-pubescent girl.

The district court sentenced Eertmoed at the bottom of the Guidelines range to 151 months in prison and 5 years of supervised release. The court also recommended to the Bureau of Prisons that Eertmoed participate in sex offender treatment programs while in custody. The court explained that it had considered all of the factors in 18 U.S.C. § 3553(a), "and what drove this sentence to be within the Guidelines Range was the nature of the offense." The court reiterated that it had considered all of the factors, but that this was "the primary factor which pushes the sentence into the Guidelines Range." Having reviewed the record, we are satisfied that the court considered Eertmoed's arguments and had a reasoned basis for selecting its sentence.

Eertmoed also asks us to remand the case for correction of clerical error in the record. The district court's statement of reasons fails to reflect its determinations at sentencing and is therefore erroneous. While Eertmoed could file a motion under Rule 36 to correct the error, we conclude that judicial economy weighs in favor of a limited remand for correction of the clerical error. In his reply brief, Eertmoed also asks that we direct the district court to make the corresponding changes in the presentence report. Under Fed. R. Crim. P. 32(i)(3)(C), the

6

district court is required to "append a copy of the court's determinations" at sentencing "to any copy of the presentence report made available to the Bureau of Prisons." Therefore, we direct the district court to comply with Rule 32(i)(3)(C) to the extent that it has not already done so.

Accordingly, we affirm the district court's judgment but remand for correction of clerical error. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED AND REMANDED